UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br>**Carrie Ann Rivers**<br><br>Debtor(s). | Case No. **19-43575**<br><br>CHAPTER 13 PLAN<br><br>__ Original          **x** AMENDED<br><br>Date:   **December 14, 2019** |

**I.     Disclosure of Nonstandard Provisions and Plan's Modification of Secured Debt:**

   A. Does this plan contain any nonstandard provisions (check one)?
   __**x**__ Yes
   ____ No
   B. Does this plan limit the amount of a secured claim based on a valuation of the collateral for the claim (check one)?
   ____ Yes
   __**X**__ No
   C. Does this plan avoid a security interest or lien (check one)?
   ____ Yes
   __**X**__ No

If the Debtor has either not indicated "yes" in the applicable section above or made no selection, any nonstandard provision or language in this plan purporting to limit the amount of a secured claim based on a valuation of the collateral or to avoid a security interest or lien is void. Even if the Debtor indicated "no" in Section 1.B or Section 1.C, the Debtor may seek to limit the amount of a secured claim based on a valuation of the collateral for the claim or avoid a security interest or lien through a motion or an adversary proceeding.

**II.     Means Test Result and Plan Duration:**
   Debtor is (check one):
   **X**     a below median income debtor with a 36 month applicable commitment period
              an above median income debtor with a 60 month applicable commitment period

The plan's length shall not be less than the Debtor's applicable commitment period unless the plan either provides for payment in full of allowed unsecured claims over a shorter period or is modified post-confirmation. If the Debtor is below median income, then the plan's length shall automatically be extended up to 60 months after the first payment is due if necessary to complete the plan

**1II.     Plan Payments to the Trustee:**
   No later than 30 days after the order for relief, the Debtor shall commence making payments to the Trustee as follows:
   A.          AMOUNT: $ **1767.00**
   B.          FREQUENCY (check one):
   __**X**__ Monthly
   ____ Twice per month
   ____ Every two weeks
   ____ Weekly
   C.          TAX REFUNDS: The Debtor (check one):
              __ commits all tax refunds to funding the plan. Committed refunds shall be paid in addition to the plan payment amount stated above.
              __**x**__ does not commit; all tax refunds to funding the plan. If no selection is made, tax refunds are committed.
   D.          PAYMENTS: Plan payments shall be deducted from the Debtor's wages unless otherwise agreed to by the Trustee or ordered by the Court.
   E.          OTHER:

**IV. Distribution of Plan Payments by the Trustee:**

[Local Bankruptcy Form 13-4, eff. 12/17]

Upon confirmation of the plan, the Trustee shall disburse funds received in the following order and creditors shall apply them accordingly, provided that disbursements for domestic support obligations and federal taxes shall be applied according to applicable non-bankruptcy law:

    A.    ADMINISTRATIVE EXPENSES:
1. <u>Trustee</u>. The percentage set pursuant to 28 USC §586(e).
2. <u>Other administrative expenses</u>. As allowed pursuant to 11 USC §§ 507(a)(2) or 707(b).
3. <u>The Debtor's Attorney's Fees</u>: Pre-confirmation attorney's fees and/or costs and expenses are estimated to be $ **4,000.00** . $ **0.00** was paid prior to filing.

Approved attorney compensation shall be paid as follows (check one):
a. **X** Prior to all creditors
b. __ Monthly payments of $__
c. __ All remaining funds available after designated monthly payments to the following creditors: __.
d. __ Other: __.

If no selection is made, approved compensation will be paid after the monthly payments specified in Sections IV.B and IV.C.

    B.    CURRENT DOMESTIC SUPPORT OBLIGATIONS:

| Creditor | Monthly amount |
|---|---|
| -NONE- | $ |

    C.    SECURED CLAIMS: Only creditors holding allowed secured claims specified below or provided in Section X will receive payment from the Trustee. Unless ranked otherwise, payments to secured creditors will be disbursed at the same level. Secured creditors shall retain their liens until the earlier of payment of the underlying debt, determined under nonbankruptcy law, or discharge under 11 U.S.C. § 1328. Secured creditors shall not assess any late charges, provided payments from the plan to the secured creditor are current, subject to the creditor's rights under state law if the case is dismissed.

The interest rates in the plan control except that (a) a lower interest rate included in a creditor's proof of claim shall control; and (b) the interest rate included in a creditor's proof of claim for a claim secured by a mortgage or deed of trust on real property shall control, unless otherwise provided in Section X or ordered following an objection to a proof of claim or in an adversary proceeding. If the interest rate is left blank, the interest rate shall be 12% except that the interest rate for arrearages on claims secured by a mortgage or deed of trust on real property shall be 0%.

For claims secured by personal property, the monthly payment amounts in the plan control.

For claims secured by real property, the monthly payment amounts in the creditor's proof of claim and notice of payment change control unless otherwise provided in Section X.

If overall plan payments are sufficient, the Trustee may increase or decrease post-petition installments for ongoing mortgage payments, homeowner's dues and/or real property tax holding accounts based on changes in interest rates, escrow amounts, dues and/or property taxes.

        1.    <u>Payments on Claims, or Non-Escrowed Postpetition Property Tax Holding Accounts, Secured Only by Security Interest in the Debtor's Principal Residence</u> (Interest included in payments at contract rate, if applicable):

Ongoing Payments:

| Rank | Monthly Payment | Creditor | Collateral |
|---|---|---|---|
| 1 | $ 1,105.89 | Bank of America | 2214 Lakemoor Dr. SW Olympia, WA 98512 Thurston County Value of home based on Redfin.com |
| 1 | $ 50.00 | Sound Legal Partners, PLLC | 2214 Lakemoor Dr. SW Olympia, WA 98512 Thurston County Value of home based on Redfin.com |

Cure Payments:

| Rank | Monthly Payment | Creditor | Collateral | Arrears to be Cured | Interest Rate |
|---|---|---|---|---|---|
| 1 | $ 400.00 | Bank of America | 2214 Lakemoor Dr. SW Olympia, WA 98512 | $ 24,000.00 | 0.00 % |

| Rank | Monthly Payment | Creditor | Collateral | Arrears to be Cured | Interest Rate |
|---|---|---|---|---|---|
| 1 | $ 46.67 | Sound Legal Partners, PLLC | Thurston County Value of home based on Redfin.com 2214 Lakemoor Dr. SW Olympia, WA 98512 Thurston County Value of home based on Redfin.com | $ 2,800.00 | 0.00 % |

    2.    <u>Payments on Claims, or Non-Escrowed Postpetition Property Tax Holding Accounts, Secured by Real Property Other than the Debtor's Principal Residence</u>:

Ongoing Payments:

| Rank | Monthly Payment | Creditor | Collateral | Interest Rate |
|---|---|---|---|---|
|  | $ -NONE- |  |  | % |

Cure Payments:

| Rank | Monthly Payment | Creditor | Collateral | Arrears to be Cured | Interest Rate |
|---|---|---|---|---|---|
|  | $ | -NONE- |  | $ | % |

    3.    <u>Payments on Claims Secured by Personal Property</u>:

    a. <u>910 Collateral.</u>

The Trustee shall pay the contract balance stated in the allowed proof of claim for a purchase-money security interest in any motor vehicle acquired for the personal use of the Debtor within 910 days preceding the filing date of the petition or in other personal property acquired within one year preceding the filing date of the petition as specified below. The Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee in the amounts stated as the "Pre-Confirmation Adequate Protection Monthly Payment" or, if blank, in the amounts stated as the "Monthly Payment" as specified below after the creditor files a proof of claim.

| Rank | Monthly Payment | Creditor | Collateral | Pre-Confirmation Adequate Protection Monthly Payment | Interest Rate |
|---|---|---|---|---|---|
|  | $ | -NONE- |  | $ | % |

    b. <u>Non-910 Collateral</u>.

The Trustee shall pay the value of collateral stated in the proof of claim, unless otherwise provided in Section X or ordered following a timely objection to a proof of claim or in an adversary proceeding, for a security interest in personal property which is non-910 collateral. The Debtor stipulates that pre-confirmation adequate protection payments shall be paid by the Trustee in the amounts stated as the "Pre-Confirmation Adequate Protection Monthly Payment" or, if blank, in the amounts stated as the "Monthly Payment" as specified below after the creditor files a proof of claim.

| Rank | Monthly Payment | Creditor | Debtor's Value of Collateral | Collateral | Pre-Confirmation Adequate Protection Monthly Payment | Interest Rate |
|---|---|---|---|---|---|---|
|  | $ | -NONE- | $ |  | $ | % |

    D.    PRIORITY CLAIMS: Payment in full, on a pro rata basis, of filed and allowed claims entitled to priority in the order stated in 11 U.S.C. § 507(a).

    E.    NONPRIORITY UNSECURED CLAIMS: No funds shall be paid to nonpriority unsecured creditors until all

secured, administrative and priority unsecured creditors are paid in full, provided that no claim shall be paid before it is due. The Trustee shall pay filed and allowed nonpriority unsecured claims as follows (check one):

___ 100%
__X__ At least $__0.00__.

The Trustee shall pay the following specially classified nonpriority unsecured claims prior to other nonpriority unsecured claims:

| **Rank** | **Creditor** | **Amount of Claim** | **Percentage to be Paid** | **Reason for Special Classification** |
|---|---|---|---|---|
| | -NONE- | $ | % | |

**V. Direct Payments to be made by the Debtor and not by the Trustee:**
The following claims shall be paid directly by the Debtor according to the terms of the contract or support or withholding order, and shall receive no payments from the Trustee. (Payment stated shall not bind any party.)

    A. DIRECT PAYMENT OF DOMESTIC SUPPORT OBLIGATIONS:

| **Creditor** | **Current Monthly Support Obligation** | **Monthly Arrearage Payment** |
|---|---|---|
| -NONE- | $ | $ |

    B.    OTHER DIRECT PAYMENTS:

| **Creditor** | **Nature of Debt** | **Amount of Claim** | **Monthly Payment** |
|---|---|---|---|
| US Department of Housing | First Mortgage | $ 68,199.00 | $ 0.00 |

**VI. Secured Property Surrendered:**
The secured property described below will be surrendered to the following named creditors on confirmation.
The Debtor requests that upon confirmation, each creditor (including successors and assigns) to which the Debtor is surrendering property pursuant to this section be granted relief from the stays of 11 U.S.C. §§ 362(a) and 1301(a) to enforce its security interest against the property including taking possession and sale.

| **Creditor** | **Property to be Surrendered** |
|---|---|
| -NONE- | |

**VII. Executory Contracts and Leases:**
The Debtor will assume or reject executory contracts or unexpired leases as specified below. Assumption will be by separate motion and order, and any cure and/or continuing payments will be paid directly by the Debtor under Section V, unless otherwise specified in the plan. Any executory contract or unexpired lease not assumed pursuant to 11 U.S.C § 365(d) is rejected. If rejected, upon confirmation the creditor is granted relief from the stays of 11 U.S.C. §§ 362(a) and 1301(a) with respect to the property which is the subject of the rejected contract or lease, and any allowed unsecured claim for damages shall be paid under Section IV.E.

| **Contract/Lease** | **Assumed or Rejected** |
|---|---|
| -NONE- | |

**VIII. Property of the Estate:**
Property of the estate is defined in 11 U.S.C. § 1306(a). Unless otherwise ordered by the Court, property of the estate in possession of the Debtor on the petition date shall vest in the Debtor upon confirmation. However, the Debtor shall not lease, sell, encumber, transfer or otherwise dispose of any interest in real property or personal property without the Court's prior approval, except that the Debtor may dispose of unencumbered personal property with a value of $10,000 or less without the Court's approval. Property (including, but not limited to, bonuses, inheritances, tax refunds or any claim) acquired by the Debtor post-petition shall vest in the Trustee and be property of the estate. The Debtor shall promptly notify the Trustee if the Debtor becomes entitled to receive a distribution of money or other property (including, but not limited to, bonuses, inheritances, tax refunds or any claim) with a value in excess of $2,500, unless Section X specifically provides for the Debtor to retain the money or property.

**IX. Liquidation Analysis Pursuant to 11 USC § 1325(a)(4)**
    The liquidation value of the estate is $ __0.00__. To obtain a discharge, the Debtor must pay the liquidation value or the total of allowed priority and nonpriority unsecured claims, whichever is less. Under 11 U.S.C. §§ 1325(a)(4) and 726(a)(5), interest

on allowed unsecured claims under Section IV.D and IV.E shall be paid at the rate of __ % per annum from the petition date (no interest shall be paid if left blank).

X.   **Nonstandard Provisions:**

All nonstandard provisions of this plan are set forth in this section and separately numbered. Any nonstandard provision placed elsewhere in this plan is void. Any modifications or omissions to the form plan not set forth in this section are void.

   A.  Second mortgage to US Dept. of Housing is not due until 2047 and shall not be paid or due during the life of the Plan.
   B.  This Amended Plan will cure the arrears of the first payment due December 6, 2019.  Payments from January 6,  2020 forward shall pay $10.00 per month towards the ongoing payment and  the remainder towards the Plan arrears until such time as the arrears are paid at which time the ordinary Plan payments shall resume.

By filing this plan, the attorney for the Debtor(s) or the Debtor(s) if not represented by an attorney certify that the wording and order of the provisions in this plan are identical to those contained in Local Bankruptcy Form 13-4, other than any nonstandard provisions included in Section X.

**(Signature Page)**

| /s/ Ellen Ann Brown | /s/ Carrie Ann Rivers | December 14, 2019 |
|---|---|---|
| **Ellen Ann Brown 27992** | **Carrie Ann Rivers** | Date |
| Attorney for Debtor(s) | DEBTOR | |
| **December 14, 2019** | | |
| Date | DEBTOR | Date |